UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KOUWANII BRUNSTORFF,
    Petitioner,
v.

UNITED STATES OF AMERICA,
    Respondent.

No. 3:16-cv-912 (MPS)

**MEMORANDUM AND ORDER**

Kouwanii Brunstorff filed a motion to vacate his sentence under 28 U.S.C. § 2255 ("Section 2255"). On August 10, 2012, Judge Ellen Burns sentenced Mr. Brunstorff to 180 months of imprisonment followed by five years of supervised release after Mr. Brunstorff pleaded guilty to being a felon in possession of a firearm and ammunition.[1] The sentence rested in part on Judge Burns' determination that Mr. Brunstorff was subject to a mandatory minimum sentence of 180 months under the Armed Career Criminal Act, 18 U.S.C. § 924(e), ("ACCA"). The ACCA imposes such a minimum sentence on felons in possession of a firearm who have three previous convictions for a "violent felony," and Judge Burns determined that Mr. Brunstorff's New York state convictions for robbery, assault, and attempted assault qualified as such. Later, in 2014, Judge Burns denied Mr. Brunstorff's first motion seeking to vacate his sentence under Section 2255.

In this second Section 2255 petition, Mr. Brunstorff argues that his ACCA-enhanced sentence must be vacated because his prior convictions are not "violent felonies" under the ACCA. Specifically, Mr. Brunstorff argues that at sentencing Judge Burns applied the ACCA's residual clause, which was subsequently held unconstitutional in the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) (hereinafter "*2015 Johnson*"). Alternatively, Mr.

---

[1] The Honorable Ellen Bree Burns retired from judicial service on March 31, 2015.

1

Brunstorff argues that even if Judge Burns applied the force clause of the ACCA, which remains in effect, his sentence must be vacated because his prior convictions are not violent felonies under the Supreme Court's interpretation of that clause in *Johnson v. United States*, 130 S.Ct. 1265, 559 U.S. 133 (2010) (hereinafter "*2010 Johnson*"). On July 19, 2016, the Second Circuit granted Mr. Brunstorff leave to file this second Section 2255 petition, and directed this Court to address, "as a preliminary inquiry . . . whether the Supreme Court's decision in [*2015*] *Johnson* entitles [Mr. Brunstorff] to relief." (ECF No. 6-1 at 1.)

For the reasons explained below, I find that *2015 Johnson* does not entitle Mr. Brunstorff to relief because the available evidence in the record suggests that Judge Burns did not sentence Mr. Brunstorff under the residual clause. In addition, even if she did, Mr. Brunstorff's claim would fail on the merits, because currently existing Second Circuit precedent holds that Mr. Brunstorff's prior convictions are violent felonies under the ACCA.

I.  **BACKGROUND**

   A. **Conviction and Sentencing**

On March 22, 2011, New London, Connecticut police officers responded to a call reporting a domestic disturbance at an apartment in New London. (Pre-Sentence Report ("PSR"), No. 12-CR-0004, ECF No. 68 ¶ 7.) When they arrived, they found a baby lying face down in a crib in the apartment. (*Id.*) Meanwhile, Jillian Jalkanen had traveled to the police department where she reported that her boyfriend, Mr. Brunstorff, had assaulted her. (*Id.*) The officers observed in the apartment in plain view boxes with .357 and .380 caliber ammunition and narcotics paraphernalia, after which a search warrant was secured for the residence. (*Id.*) As a result of a search, officers located a loaded .380 semi-automatic pistol with an obliterated serial number and a holster and a loaded .357 revolver secreted in the wall of the bathroom and wrapped in a cloth. (*Id.*)

2

On January 5, 2012, a federal grand jury returned a two-count indictment charging Mr. Brunstorff with possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Mr. Brunstorff pleaded guilty before Judge Burns to Count One of the indictment.[2]

The plea agreement's section on penalties stated: "Because the defendant has three previous convictions for violent felony and/or serious drug offenses committed on occasions different from one another, the defendant faces a mandatory minimum term of incarceration of fifteen years and up to life imprisonment." (Plea Agreement, No. 12-CR-0004, ECF No. 45 at 1.) The plea agreement's section on the Sentencing Guidelines further stated, "The defendant understands that, in any event, his sentence of imprisonment cannot be less that [*sic*] fifteen years." (*Id*. at 4.)

Before sentencing, the U.S. Probation Office prepared a pre-sentence report ("PSR") describing the following of Mr. Brunstorff's prior New York state convictions: a conviction for two counts of robbery in the first degree in violation of New York Penal Law § 160.15(2) ("forcibly steals property" and "[i]s armed with a deadly weapon")[3] for conduct occurring on May 25, 1993;

---

[2] The plea agreement is dated March 23, 2012, and Mr. Brunstorff's signature is dated April 3, 2012, but the docket indicates that a change of plea hearing was held on March 30, 2012. (*See* No. 12-CR-0004, ECF No. 39.) Any discrepancy in the date of Mr. Brunstorff's guilty plea is immaterial to this challenge. The plea agreement also indicates that Mr. Brunstorff pleaded guilty to Count One only. The sentencing transcript indicates that the government moved to dismiss Count Two, and the Court granted that motion. (Sentencing Transcript, hereinafter "Sentencing Tr.," No. 12-CR-0004, ECF No. 94 at 21.) However, the minute entry for the change of plea hearing indicates that Mr. Brunstorff pleaded guilty to Counts One and Two. (*See* No. 12-CR-0004, ECF No. 39.)

[3] It is not entirely clear whether Mr. Brunstorff was convicted of violating N.Y. Penal L. § 160.15(2), "forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . [i]s armed with a deadly weapon" or § 160.15(4), "forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . [d]isplays what appears to be a . . . firearm . . . ." The federal indictment cites § 160.15(4). (No. 12-CR-0004,

a conviction for assault in the second degree and attempted assault in the second degree for conduct occurring on May 29, 1997 and November 4, 1997, respectively, in violation of New York Penal Law § 120.05(2) ("[w]ith intent to cause physical injury to another person, he causes such injury . . . by means of a deadly weapon or a dangerous instrument"); and a conviction for assault in the second degree in violation of New York Penal Law § 120.05(3) (with intent to prevent a law enforcement or EMS person "from performing a lawful duty, he causes physical injury to such" person) for conduct occurring on August 10, 1998. (PSR ¶¶ 12, 21-23.)[4]

The PSR further stated, "[T]he parties agree that [Mr. Brunstorff] is an armed career criminal based on three or more violent felony offenses committed on different occasions." (PSR ¶ 12; *see also id.* ¶ 63 ("The crimes of violence that qualify him as an armed career criminal occurred when he was 16, and while in prison in his early 20s. As a result, Mr. Brunstorff is facing a mandatory minimum term of 15 years' imprisonment.").) The PSR identified the statutory minimum term of imprisonment as 15 years under 18 U.S.C. § 924(e). (PSR ¶ 50.) The Probation Office calculated the imprisonment range under the Sentencing Guidelines as 188 to 235 months, based on a total offense level of 31 and a criminal history category of VI. (PSR ¶ 51.)

On August 10, 2012, Judge Burns sentenced Mr. Brunstorff to 180 months (or 15 years) imprisonment, an eight-month downward departure from the Guidelines range, and five years of supervised release. During the sentencing proceeding, Judge Burns adopted the facts and Guidelines calculation set forth in the PSR and stated that Mr. Brunstorff was "facing a mandatory

---

ECF No. 1 at 2.) A "certificate of disposition indictment" issued by the Supreme Court of the State of New York in Bronx County on April 14, 2011 also lists § 160.15(4) as the statute of conviction. (ECF No. 12-1 at 28.)

[4] The PSR references "CPL § *2*20.05(3)," and "CPL § *2*20.05(2)" (emphasis added), but these appear to be typographical errors, as made clear by the federal indictment and the underlying state charging documents. PSR ¶ 12.

minimum sentence of 15 years," but did not state whether the sentence was based on a particular clause of the ACCA. (Sentencing Tr. at 14, 17.) Mr. Brunstorff did not appeal his conviction or sentence.

### B. Mr. Brunstorff's First Section 2255 Petition

On November 8, 2013, Mr. Brunstorff filed a motion to vacate, set aside, or correct his sentence under Section 2255. (No. 13-CV-1657 (EBB), ECF No. 1.) Mr. Brunstorff argued that his Sixth Amendment rights were violated by his attorney's ineffective assistance of counsel. Mr. Brunstorff also argued that the Court erred in determining that he was an armed career offender, in contravention of the Supreme Court's decisions in *Descamps v. United States*, 133 S.Ct. 2276 (2013) and *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

On May 15, 2014, Judge Burns denied Mr. Brunstorff's petition. *United States v. Brunstorff*, No. 13-CV-1657 (EBB), 2014 WL 2002735 (D. Conn. May 15, 2014). The Court ruled that the petition was time-barred, as Mr. Brunstorff filed it more than one year after his sentence became final. *Id.* at *2. The Court also ruled that the procedural bar was not excused, as neither of the Supreme Court rulings Mr. Brunstorff relied on recognized a new right made retroactively applicable, and as the facts supporting his ineffective assistance of counsel claim were known to him prior to entry of his guilty plea. *Id*. The Court also noted that Mr. Brunstorff's petition was meritless regardless of the procedural bar, finding that there had been no error in sentencing under the ACCA. *Id*. at *4. In rejecting Mr. Brunstorff's argument that the Court erred at sentencing in finding his prior convictions to be ACCA predicates, the Court explained:

> In this case, the Court did not have a choice between applying the categorical approach or modified categorical approach because the statutes of Brunstorff's prior New York convictions of assault in the second degree, attempted assault in the second degree, and robbery had indivisible elements. Indeed, all three of these statutes had previously been held to be categorically crimes of violence under § 924(e) Specifically, under NYPL § 120.05(2), a person is guilty of assault in the

5

second degree when: '[with intent to cause physical injury to another person, [he or she] causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument.' Under NYPL § 160.10, a person is 'guilty of robbery in the first degree when he forcibly steals property.' Brunstorff's prior convictions were thus categorically violent felonies under § 924(e)(1) because they have as elements the use or attempted use of physical force against the person of another.

*Id*. The Court declined to issue a certificate of appealability, finding that Mr. Brunstorff had "not made a substantial showing of the denial of a constitutional right." *Id*. at *5.

C. **The ACCA, *2015 Johnson*, and *Welch***

The ACCA provides, in relevant part:

In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). The ACCA defines "violent felony," in relevant part, as "any crime punishable by imprisonment by a term exceeding one year . . . that—

"(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

"(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

18 U.S.C. § 924(e)(2)(B). Subdivision (i) is often referred to as the "elements clause" or the "force clause." The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" in subdivision (ii) is referred to as the "residual clause."

On June 26, 2015, the Supreme Court in *2015 Johnson* held that the residual clause of the ACCA was void for vagueness in violation of the Due Process Clause of the Fifth Amendment. 135 S.Ct. at 2563. On April 18, 2016, the Supreme Court held that *2015 Johnson* had announced

6

a new substantive rule that applied retroactively on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016).

### D. This Petition

Relying on *2015 Johnson* and *Welch*, on June 13, 2016, Mr. Brunstorff filed his second Section 2255 petition—this petition. (ECF No. 1.) On July 19, 2016, the Second Circuit granted Mr. Brunstorff leave to file a successive petition in light of the Supreme Court's decisions in *2015 Johnson* and *Welch*, determining that Mr. Brunstorff had made a prima facie showing that he had satisfied the requirements for successive habeas petitions set forth in Section 2255(h)(2). (No. 16-2037, ECF No. 13.) In its Mandate, the Second Circuit directed this Court to address, as a preliminary inquiry under Section 2244(b)(4), whether the Supreme Court's decision in *2015 Johnson* entitled Mr. Brunstorff to relief. (*Id.*)

## II. LEGAL STANDARD

Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"[C]ollateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." *Graziano v. United States*, 83 F.3d 587, 589-90 (2d Cir. 1996) (citation and internal quotation marks omitted). The movant in a Section 2255 proceeding carries the burden of proving,

7

by a preponderance of evidence, that he is entitled to relief. *See, e.g.*, *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000) (movant had the burden of proof to show his counsel had a conflict of interest by a preponderance of the evidence in Section 2255 proceeding).

## III. DISCUSSION

### A. Mr. Brunstorff is Not Entitled to Relief Under *2015 Johnson*

In its Mandate granting Mr. Brunstorff leave to file a second habeas petition, the Second Circuit directed me to address, "as a preliminary inquiry under § 2244(b)(4), whether the Supreme Court's decision in [*2015 Johnson*] entitles [Mr. Brunstorff] to relief." (ECF No. 6-1.) The Government argues that Mr. Brunstorff is not entitled to relief for several reasons, one of which I agree with: As explained below, I conclude that the evidence in the record shows that it is more likely than not that Mr. Brunstorff was sentenced under the force clause of the ACCA, and, as a result, he is not entitled to relief under *2015 Johnson*, which invalidated the residual clause only.

While *2015 Johnson* invalidated the residual clause of the ACCA, it did not affect the other clauses that make up the definition of a "violent felony." *See* 18 U.S.C. § 924(e)(2)(B). District courts in this Circuit have thus treated the question of whether a petitioner is entitled to relief under *2015 Johnson* as requiring an inquiry into whether the sentencing court actually sentenced the petitioner under the now-unconstitutional residual clause. *See, e.g.*, *Shabazz v. United States*, No. 3:16-CV-1083 (SRU), 2017 WL 27394, at *5 (D. Conn. Jan. 3, 2017) (considering "whether the sentencing judge actually used the Residual Clause, or whether it is possible to discern some adequate alternate basis for the sentence from the record."); *Diaz v. United States*, No. 1:16-CV-0323 (MAT), 2016 WL 4524785, at *5 (W.D.N.Y. Aug. 30, 2016) (rejecting the government's "contention that [petitioner's] claim is not actually based on *2015 Johnson*" by inquiring into whether the sentencing court relied on the residual clause or the force clause). I agree with this

approach and consider below whether the sentencing court relied on the residual clause in determining whether Mr. Brunstorff is entitled to relief under *2015 Johnson*.

Courts have taken different approaches, however, in evaluating a petitioner's showing as to whether he was sentenced under the residual clause. At least one court in this District has held that a petitioner must prove that he was sentenced under the residual clause by a preponderance of the evidence—the burden allocation and standard of proof that courts routinely apply in habeas cases. *See Villanueva v. United States*, 191 F. Supp. 3d 178, 184 (D. Conn. 2016) ("[T]he first task before the court is to determine whether Villanueva has proven by a preponderance of the evidence that he was sentenced under the Residual Clause.") (citing *Triana*, 205 F.3d at 40). If the Court is able to determine that Mr. Brunstorff was not in fact sentenced under the residual clause, his claim fails. *See United States v. Snyder*, 871 F.3d 1122, 1129-30 (10th Cir. 2017) (considering the "relevant background legal environment," that is, "the controlling law . . . at the time of sentencing" and the sentencing record in concluding that the district court did not rely on the residual clause and that the petitioner's claim failed as a result).

Some courts have determined that a petitioner may satisfy his burden where the record is silent about which clause of the ACCA the sentencing judge relied on. Those courts have reasoned that if the petitioner can demonstrate that the sentencing court *might* have relied on the residual clause, the petition relies, at least in part, on *2015 Johnson*, warranting review of the merits of the claim. *See, e.g.*, *United States v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017) (holding that "when it is unclear whether a sentencing court relied on the residual clause in finding that a defendant qualified as an armed career criminal, but it may have, the defendant's § 2255 claim 'relies on' the constitutional rule announced in [*2015 Johnson*]"); *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017) (holding that "when an inmate's sentence may have been predicated on application

9

of the now-void residual clause . . . the inmate has shown that he 'relies on' a new rule of constitutional law . . . ."); *Buie v. United States*, No. 15-CV-3945 (JPO), 2017 WL 3995597, at *3 (S.D.N.Y. Sept. 8, 2017) (noting that neither the parties nor the court at sentencing expressed a view as to the basis for the ACCA-enhanced sentence, and proceeding to the merits); *Belk v. United States*, No. 16-CV-4508-LTS, 2017 WL 3614446, at *2-4 (S.D.N.Y. Aug. 22, 2017) (proceeding to the merits where the Court did not indicate its reliance on a particular ACCA clause at sentencing); *Diaz v. United States*, No. 1:16-CV-0323-MAT, 2016 WL 4524785, at *5 (W.D.N.Y. Aug. 30, 2016) (finding that where it is "unclear upon what portion of the 'violent felony' definition the sentencing court relied," the petitioner demonstrated that his claim relied on *2015 Johnson*); *United States v. Ladwig*, 192 F. Supp. 3d 1153, 1159 (E.D. Wash. 2016) (finding that the petitioner "established constitutional error" where he had "shown that the Court might have relied upon the unconstitutional residual clause").

Courts reasoning that a petitioner may meet his burden despite an unclear sentencing record have cited the "unique nature of *Johnson*-based claims," in that most claims of constitutional error do not involve a "dispute about what action a district court took—the only question is whether the law deems that action unconstitutional." *Ladwig*, 192 F. Supp. 3d at 1158. Those courts further assert that it would be unfair to require petitioners to glean from a record facts to make a showing that the sentencing court relied on a particular clause, where the court itself was not required to make clear which clause it was relying on. *See, e.g.*, *In re Chance*, 831 F.3d 1335, 1340-41 (11th Cir. 2016) (explaining in dicta that an approach that requires inmates to prove that the sentencing judge "uttered the magic words 'residual clause'" or otherwise sentenced the defendant using that clause could result in "selective application of new rules" in the event that some judges mentioned the words and others, "doubtlessly unaware that the sentencing transcript would later be combed

10

for the words . . . failed to utter those phrases") (quoting *Teague v. Lane*, 489 U.S. 288, 304 (1989)).[5]

This case is different from most of the post-*2015 Johnson* petitions making their way through the courts, however, as there is evidence in this record that the sentencing judge relied on the force clause rather than the residual clause. In ruling on Mr. Brunstorff's first Section 2255 petition, and in particular in ruling that there was no error in sentencing under the ACCA, Judge Burns stated as follows:

> Brunstorff also asserts that the Court erred in finding his prior felony convictions for assault, attempted assault and robbery were categorically violent felonies . . . . He maintains that the Court should have used a modified categorical approach and, because his predicate convictions were the result of *Alford* pleas, should have conducted a factual inquiry before determining whether his convictions were for violent felonies under the ACCA. This argument is without merit.
>
> In determining whether a prior state-felony conviction qualifies as a predicate violent felony offense under the [ACCA], a district court takes either a categorical approach or a modified categorical approach. The categorical approach applies where the statute has a single, indivisible set of elements . . . .
>
> The modified categorical approach serves a limited function and is used only if the statute of the prior conviction is divisible into qualifying and nonqualifying sections . . . .
>
> In this case, *the Court did not have a choice* between applying the categorical approach or modified categorical approach because the statutes of Brunstorff's prior New York convictions of assault in the second degree, attempted assault in the second degree, and robbery had indivisible elements. Indeed all three of these statutes *had previously been held to be* categorically crimes of violence under § 924(e) . . . . *Brunstorff's prior convictions were thus categorically violent felonies* under § 924(e)(1) because they have as elements the use or attempted use of

---

[5] At least one court in the Second Circuit went one step further by finding that it had explicitly relied on the force clause at sentencing, but proceeding to the merits of the claim. *See Massey v. United States*, No. 17-CV-1455, 2017 WL 2242971, at *3 (S.D.N.Y. May 22, 2017) ("On the one hand, this Court unequivocally found that Massey's prior convictions were ACCA predicates under the 'force' clause, not the residual clause . . . . This Court is troubled, however, by the possibility that denying the instant petition on procedural grounds would effectively preclude review of the question of whether New York robbery qualifies under the 'force' clause in view of [*2010 Johnson*].").

> physical force against the person of another. *United States v. Walker*, 442 F.3d 787, 788 (2d Cir. 2006) (holding that convictions under New York penal laws for assault in the second degree and attempted assault were categorically violent felonies under the ACCA); *United States v. Bogle*, 522 F. App'x 15, 16 (2d Cir. 2013) (noting that robbery under New York penal laws, regardless of the specific subsection, is categorically a violent felony because it has as an element the use, attempted use or threatened use of physical force against the person of another).

*Brunstorff*, 2014 WL 2002735, at *4 (emphasis added).

In this excerpt from her ruling, Judge Burns' shift from the present tense to the past tense between the third and fourth paragraphs is telling. In the second and third paragraphs quoted above, Judge Burns is discussing the analytical framework to be applied to Mr. Brunstorff's Section 2255 claim about the alleged ACCA error at sentencing; in the fourth paragraph, she switches to the past tense, explaining how she applied that framework *at the sentencing*. In doing so, she states that "Brunstorff's convictions *were* thus categorically violent felonies under § 924(e)(1) because they have as elements the use, or attempted use of physical force against the person of another." *Id*. (emphasis added). In context, that sentence is most reasonably read as describing how she viewed Mr. Brunstorff's prior convictions at the sentencing, i.e., that she sentenced him under the force clause. Her use of the past perfect tense in the fourth paragraph confirms this point: "Indeed, all three of these statutes *had previously been held to be* categorically crimes of violence." *Id*. (emphasis added). In that sentence, she is discussing the state of the law at the time of the sentencing. Thus, Judge Burns' own description of her thought process and the state of the law at the sentencing explicitly refers to the force clause of the ACCA and makes no mention of the residual clause.

This case thus does not present the same concern cited by courts in this and other circuits –that a petitioner would have to sift through a stale record to find evidence of what the sentencing court did in a situation in which the sentencing court was not required to specify what it did. *See*

12

*In re Chance*, 831 F.3d at 1340; *Shabazz*, 2017 WL 27394, at *5. Here, the sentencing judge did specify which ACCA clause she relied on to sentence Mr. Brunstorff, albeit two years after the sentencing. I am not in a position to determine that Judge Burns' 2014 ruling, which on its face supports the conclusion that Mr. Brunstorff was sentenced under the force clause, does not reflect the findings she made at sentencing. As Judge Burns was in the best position to determine the basis for the sentence she imposed, the 2014 ruling is evidence that the Court relied on the force clause, and not the residual clause, at sentencing.[6]

To be sure, the evidence discussed above does not make it a certainty that Judge Burns did not rely on the residual clause at sentencing. Judge Burns was not explicit at sentencing as to whether she was applying the residual clause or the force clause or both in concluding that Mr. Brunstorff faced a mandatory minimum of 15 years under the ACCA. (Sentencing Tr. at 17.)[7] *See Villanueva*, 191 F. Supp. at 184 ("absence of any discussion" at sentencing is "strong

---

[6] The government also argues that because Judge Burns already ruled that Mr. Brunstorff's prior convictions qualify as violent felonies, the "law of the case doctrine" forecloses any finding that the convictions are not ACCA predicates. The law of the case doctrine "counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons." *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (internal quotation marks omitted). "One ground that justifies reconsideration of the law of the case is an intervening change of controlling law." *Id*. at 8 (internal quotation marks omitted). "Although the doctrine purports to apply only to rulings made in the 'same case,' . . . the Second Circuit has nevertheless applied the law of the case doctrine to bar habeas litigation of federal issues decided against the petitioner in earlier habeas proceedings or on direct appeal." *Smalls v. Lee*, No. 12-CV-2083 (KMK) (LMS), 2016 WL 5334986, at *8 (S.D.N.Y. Sept 22, 2016) (quoting *Ali*, 529 F.3d at 490). Notwithstanding its application in habeas cases, courts are mindful that applying the law of the case doctrine where "life or liberty is at stake" presents concerns. *Id*. (quoting *Sanders v. United States*, 373 U.S. 1, 8 (1963)). Because I find that Mr. Brunstorff's petition fails on other grounds, I need not determine whether Mr. Brunstorff's second habeas petition is a "subsequent stage" of the same case as his first petition, and whether an intervening change in controlling law justifies departing from the law of the case doctrine.

[7] The Court stated at sentencing, "The Defendant, of course, is facing a mandatory minimum of 15 years, which is 180 months, and it seems to me that 180 months is sufficient, but not greater than necessary, and that is what I'm going to sentence this Defendant, to the custody of the Bureau of Prisons for a period of 180 months." (Sentencing Tr. at 17.)

13

circumstantial evidence that the court used the most obvious path to the conclusion that the crimes were ACCA eligible—the broad-sweeping Residual Clause"). The indictment and plea agreement similarly do not state which clause the government viewed to be the basis for the ACCA's application to Mr. Brunstorff's prior convictions. And, as noted, Judge Burns' ruling on Mr. Brunstorff's first petition came almost two years after sentencing. Nonetheless, Mr. Brunstorff still bears the burden of proof, and he has not carried that burden. And while the nature of a district court's post-*2015 Johnson* inquiry may warrant relaxing that burden (or finding it to be satisfied) in a case where there is no indication of which clause of the ACCA the sentencing judge relied on, it is difficult to see why the Court should find that the petitioner has met his burden in a case in which the only evidence in the record on point consists of a statement by the sentencing judge indicating that she sentenced the petitioner under the force clause alone. I find that Mr. Brunstorff was not sentenced under the residual clause, and that he is thus not entitled to relief under *2015 Johnson*.[8]

### B. Mr. Brunstorff's Convictions Qualify as Predicate Felonies Under the ACCA

---

[8] The government also argues that Mr. Brunstorff's claim is procedurally barred because he has not demonstrated cause for his failure to appeal his sentence based on *2010 Johnson*, which interpreted the term "violent felony" as used in the ACCA. Because I find that Mr. Brunstorff's petition fails on other grounds, I need not address this argument. I note, however, that because *2010 Johnson* answered a question of statutory interpretation rather than constitutional law, a claim that the sentencing court erred in applying the rule set forth in *2010 Johnson* cannot be the basis for Mr. Brunstorff's successive habeas petition. *See* 28 U.S.C. § 2255(h)(2) (successive petition requires certification by court of appeals that it contains "a new rule of constitutional law . . . ."). *See also, e.g.*, *Belk v. United States*, No. 16-765, 2016 WL 1587223, at *1 (2d Cir. Apr. 19, 2016) (denying leave to file a successive habeas petition based on *2010 Johnson* because that case "concerned the interpretation of the ACCA and did not announce a new rule of constitutional law"); *In re Starks*, 809 F.3d 1211, 1212 (11th Cir. 2016) (same).

Regardless of which clause of the ACCA Mr. Brunstorff was sentenced under, Mr. Brunstorff's claim also fails on the merits, as his prior convictions qualify as predicate felonies under current Second Circuit law.

### 1. First-Degree Robbery

Mr. Brunstorff argues that his first-degree robbery conviction is not a violent felony under the force clause, relying substantially on *United States v. Jones*, 838 F.3d 296 (2d Cir. 2016). The Second Circuit vacated that decision, however, pending decision in *Beckles v. United States*, 137 S.Ct. 886 (2017). The 2016 *Jones* decision therefore has no precedential effect. *See Massey*, 2017 WL 2242971, at *3. In the Second Circuit's October 5, 2017 amended decision in *Jones*, the Court held that first-degree robbery as defined in New York is categorically a crime of violence under the residual clause of the Career Offender Guidelines. *United States v. Jones*, --- F. 3d ---, 2017 WL 4456719, at *2 (2d Cir. Oct. 5, 2017). The Court declined to reach the question of whether such a robbery conviction is a violent felony under the force clause. *Id*. at *1. *Jones* therefore does not aid either party in this case.

Aside from his reliance on the now-vacated *Jones* decision, Mr. Brunstorff raises several substantive arguments as to why New York's first-degree robbery statute is not categorically a crime of violence. The Court need not address all of these arguments. The key issue here is whether Second Circuit precedent regarding New York first-degree robbery convictions controls in the wake of *2010 Johnson*.

In *United States v. Brown*, the Second Circuit held that the defendant's New York third-degree attempted robbery conviction was a "violent felony" under the ACCA's force clause and was properly considered a predicate offense for the purpose of enhancing the defendant's sentence. 52 F.3d 415, 425-26 (2d Cir. 1995). Decided a decade and a half before *2010 Johnson*, *Brown* does

15

not account for the Supreme Court's narrowed interpretation of "physical force" for the purpose of determining whether an offense constitutes a "violent felony" under the ACCA—and Brunstorff argues that *Brown* does not control in light of *2010 Johnson*. After *2010 Johnson*, however, the Second Circuit reaffirmed its holding in *Brown* in *United States v. Miles*, 748 F.3d 485, 490 (2d Cir. 2014) ("Miles acknowledges that robbery in the third degree 'has as an element the use, attempted use, or threatened use of physical force,' and so has this Court.") (quoting *Brown*, 52 F.3d at 425-26). Following *2010 Johnson*, courts in the Second Circuit have deferred to *Brown* in concluding that New York robbery is a violent felony under the ACCA. *See, e.g.*, *Belk*, 2017 WL 3614446, at *5-6; *Massey*, 2017 WL 2242971, at *3.

Other courts in the Second Circuit, however, have agreed with Mr. Brunstorff's argument that the Second Circuit's rulings in *Brown* and *Miles* do not apply because they were decided prior to or did not address *2010 Johnson*, and that New York robbery is not necessarily a "crime of violence" or "violent felony." *See Buie*, 2017 WL 3995597, at *8 (noting that *Brown* "does not reflect the Supreme Court's narrowing interpretation of the phrase 'physical force'" and that *Miles* did not address *2010 Johnson* at all, and concluding that New York first-degree robbery is not a violent felony under the force clause); *United States v. Johnson*, 220 F. Supp. 3d 264, 272 (E.D.N.Y. 2016) (holding that New York third-degree robbery is not a crime of violence and finding the cases relied upon by the government unpersuasive as they "were either decided prior to *2010 Johnson*, or are non-precedential summary orders, which do not undertake an analysis of robbery in New York pursuant to the Supreme Court's definition of 'force' in [*2010 Johnson*]."); *Thrower v. United States*, 234 F. Supp. 3d 372, 383 (E.D.N.Y. 2017) (holding that New York third-degree robbery is not a violent felony under *2010 Johnson*, despite the fact that "before 2010, the Second Circuit held in binding, published decisions that robbery is a violent felony"). *See also*

*United States v. Batista*, No. 5:09CR00037, 2017 WL 2841681, at *7 (W.D. Va. June 30, 2017) (reviewing the state of Second Circuit law following *2010 Johnson* and concluding that New York first-degree robbery is not a violent felony).

Though the Second Circuit may reconsider *Brown* in the wake of the Section 2255 petitions making their way through the courts, this Court is bound by *Brown* unless and until that precedent is overturned, despite any tension between the Second Circuit's holding and *2010 Johnson*. *See Monsanto v. United States*, 348 F.3d 345, 351 (2d Cir. 2003) (noting that district courts and the Second Circuit itself are "required to follow" Second Circuit precedent despite tension with a Supreme Court decision "unless and until that case is reconsidered by [the Second Circuit] sitting in banc (or its equivalent) or is rejected by a later Supreme Court decision."); *United States v. Wong*, 40 F.3d 1347, 1373 (2d Cir. 1994) ("[U]ntil the Supreme Court rules otherwise, the district court would be obliged to follow our precedent, even if that precedent might be overturned in the near future.").

As another court in this Circuit noted, "the Court cannot conclude that the Second Circuit or the Supreme Court is 'all but certain' to overrule *Brown* and similar cases, if only because the Second Circuit has repeatedly reaffirmed the holding of *Brown* since *2010 Johnson*." *Boone v. United States*, No. 13-CV-8603 (JMF), 2017 WL 398386, at *1 (S.D.N.Y. Jan. 30, 2017) (collecting cases, including *Miles* and several non-precedential summary orders applying *Brown*). "[T]he question is not whether this Court, writing on a blank slate, would conclude that [a first-degree robbery] conviction is not a 'crime of violence.' Instead, it is whether—as a lower court—this Court remains bound by *Brown* and similar cases." *Rainey v. United States*, No. 16-CV-4748 (JMF), 2017 WL 507294, at *3 (S.D.N.Y. Feb. 7, 2017). I conclude that the Court remains bound

17

by *Brown*'s holding that New York first-degree robbery is a violent felony under the ACCA unless and until the Second Circuit reexamines the holding in that case.

### 2. Second-Degree Assault and Attempted Assault

Mr. Brunstorff argues that his convictions for second-degree assault and attempted assault under New York Penal Law §§ 120.05(2) and (3) are not violent felonies under the force clause. The Second Circuit has held that a conviction for attempted assault in the second-degree under New York Penal Law § 120.05(2) is a violent felony under the force clause of the ACCA. *United States v. Walker*, 442 F.3d 787, 789 (2d Cir. 2006).[9] *See also Rainey*, 2017 WL 507294, at *1-2. For the reasons discussed above, though *Walker* was decided before *2010 Johnson*, this Court is bound by *Walker* unless and until the Second Circuit revisits its holding in that case. Mr. Brunstorff's convictions for second-degree assault and attempted assault are violent felonies under the ACCA.

### 3. "Committed on Occasions Different From One Another"

Finally, Mr. Brunstorff argues that even if his convictions qualify as "violent felonies," they are not ACCA predicates because they do not correspond to offenses "committed on

---

[9] Courts have observed that the Second Circuit's use of the phrase "necessarily creates a 'serious potential risk of physical injury to another'" in *Walker* indicates that it was relying in part on the residual clause in concluding that New York second-degree assault was a categorically violent felony, suggesting that *Walker* is not controlling following *2015 Johnson*. *See Wiggan v. United States*, No. 3:15-CV-447 (SRU), 2016 WL 4179838, at *12 (D. Conn. Aug. 5, 2016); *Villanueva v. United States*, 191 F. Supp. 3d 178, 192-93 (D. Conn. 2016). Those cases interpreted Connecticut rather than New York law, however, and therefore *Walker* was not directly on point. Moreover, *Walker* also relied on the force clause in its holding. 442 F.3d at 788 ("To (attempt to) cause physical injury by means of a deadly weapon or dangerous instrument is necessarily to (attempt to) use 'physical force,' on any reasonable interpretation of that term, *and* necessarily creates 'a serious potential risk of physical injury to another.'") (emphasis in original); *see also Williams v. United States*, No. 15-2674, --- Fed. Appx. ---, 2017 WL 4857449, at *2 (2d Cir. Oct. 26, 2017) ("With regard to Williams's 1997 second-degree assault conviction, . . . we decided that this crime qualified as a violent felony under *United States v. Walker*, which rested on both the elements and the residual clauses.").

occasions different from one another" as required for the ACCA's sentencing enhancement to apply. Specifically, Mr. Brunstorff argues that when the offense underlying the first-degree robbery conviction occurred is unclear. (ECF No. 15 at 17-19.) In determining whether predicate offenses under the ACCA were committed "on occasions different from one another," courts are bound by the source limitations established by the Supreme Court's decisions in *Taylor v. United States*, 495 U.S. 575, 577-79, 110 S.Ct. 2143 (1990) and *Shephard v. United States*, 544 U.S. 13, 19, 125 S.Ct. 1254 (2005). *United States v. Dantzler*, 771 F.3d 137, 145 (2d Cir. 2014). Under *Shephard*, which applies to cases in which the predicate offense stems from a guilty plea rather than a jury verdict, courts may look to "the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." 544 U.S. at 16.

The state charging documents make clear that Mr. Brunstorff was convicted for the following offenses, which took place on occasions different from one another: first-degree robbery, for an offense committed on May 25, 1993 (*see* Indictment No. 4369-93 dated June 22, 1993, ECF No. 12-1 at 18);[10] second-degree assault and attempted assault for offenses committed on May 29, 1997 and November 4, 1997 (*see* Indictment No. 7957-97 dated December 23, 1997, ECF No. 12-1 at 31, 32); and second-degree assault for an offense committed on August 5, 1998 (*see* Indictment No. 666-99 dated February 1, 1999, ECF No. 12-1 at 40). Regardless of any

---

[10] Mr. Brunstorff was convicted of two counts of first-degree robbery for offenses that occurred on May 25, 1993 and May 26, 1993, respectively. (*See* Indictment No. 4369-93, ECF No. 12-1 at 18, 22.) He argues that these offenses occurred on the same occasion. "[C]onvictions stemming from the same criminal episode are combined for purposes of the ACCA." *United States v. Rideout*, 3 F.3d 32, 34 (2d Cir. 1993). Because Mr. Brunstorff's other convictions lead to the conclusion that he has three ACCA predicates, the Court need not resolve whether these two counts were for offenses committed on occasions different from one another.

ambiguity as to when the offenses underlying the robbery conviction took place, Mr. Brunstorff has three predicate convictions for offenses supporting his ACCA-enhanced sentence.

## IV. CONCLUSION

For the reasons explained above, Mr. Brunstorff's Section 2255 petition (ECF No. 1) is DENIED. The Court issues a certificate of appealability on the questions of whether Mr. Brunstorff's claim is procedurally barred and whether his prior convictions are violent felonies under the force clause of the ACCA.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:	Hartford, Connecticut
	November 30, 2017